# N. Y. MARINE COURT.

## E. VALIENTE and another agt. JAMES BRYAN.

*Supplementary proceedings — What costs are collectible by execution under section 779 of the Code of Civil Procedure.*

Where supplementary proceedings were instituted upon return of an execution, and during the course of the proceeding ten dollars costs were allowed by the judge, and also the further sum of thirty dollars at the close of the examination, when a receiver was appointed:

*Held,* that the ten dollars allowed by the court are clearly motion costs and are collectible by execution.

*Held,* further, that in supplementary proceedings the final costs cannot be deemed motion costs, and are not, therefore, collectible by execution.

*Special Term, April,* 1883.

HAWES, *J.*— Supplementary proceedings were instituted upon return of execution in this action, and during the course of the proceeding ten dollars costs were allowed by the judge, and also the further sum of thirty dollars at the close of the examination, when a receiver was appointed. The plaintiff has issued a precept to the sheriff to recover these costs, and the present motion is to vacate this precept. Under the provision of the Laws of 1840, chapter 386, and the Laws of 1847, chapter 390, a precept could be issued to collect costs, if based upon an order of the court, but these were strictly motion costs (*Wesley* agt. *Bennett,* 6 *Abb.* 12). The provisions of the act of 1840 allowed an attachment against the person, but this provision was, in the main, repealed by the act of 1847, which allowed a *fieri facias* to issue for their collection, and it may be said in general terms that the one was a substitution of process against property for one against the person. The law of 1847 was repealed by chapter 417 of the Laws of 1877, and not being re-enacted by the Code there was no provision for their collection by execution or precept under the provision of section 779 prior to the enactment of 1882 (*McCulloch* agt. *Hoffman,* 1 *Law Bulletin,* 26). The

Valiente agt. Bryan.

amendment of section 779, passed July 1, 1882, re-enacts in substance the provision of the Laws of 1847, and now allows an execution to issue for the collection of motion costs. The ten dollars allowed by the court are clearly motion costs and are collectible by execution, and I know of no rule which would prevent collection by such a remedy in a special proceeding as well as in actions. The Code in that regard makes no distinction that I am aware of. The only possible question is as to the classification which should be given to the thirty dollars costs allowed on the appointment of a receiver. The law of 1847 provided that process in the nature of a *fieri facias* against personal property may be issued for the collection of "costs founded on an order of court." The question of the right to issue a writ for the collection of the thirty dollars costs in supplementary proceedings was fully discussed in the case of *Halsaver* agt. *Wilas* (11 *How.*, 450), and it was there held that, inasmuch as supplementary proceedings were special proceedings, the order then made by the judge was not an "order of court," but was merely an order of the judge, and did not, therefore, fall within the provision of the statute. It will be noticed that no such restriction exists in section 779 of the Code, but only refers to "costs of a motion directed by an order." It is clear, therefore, that an order of a judge is as good a foundation for such a writ as an order of the court.

The question therefore returns as to whether the thirty dollars costs allowed to plaintiff for costs of this proceeding are to be deemed "costs of a motion directed by an order." The legal history of this provision of the Code is very voluminous, and many nice distinctions have been drawn; but I am inclined to think that the motion costs referred to in this section are confined strictly to the class of motions which were first allowed under the statute of 1840, and which statute required the justices of the supreme court to regulate by rule the amount to be allowed upon granting or denying motions. This amount was fixed at that time at ten dollars to the moving

Valiente agt. Bryan.

party and seven dollars to the opposing party if successful, and in peculiar cases the costs to either party might be allowed to an amount not exceeding twenty dollars. The Codes of 1848 and 1849 severally modified the rule and provided that costs might be allowed on motions in the discretion of the court not exceeding ten dollars. These provisions of the statute, upon which section 779 is founded, clearly had no reference to statutory or taxable costs, but were special motion costs allowed in the progress of the litigation and collectible at once. If this is the correct view of the intent of the statute, I do not see how the thirty dollars costs can come within the provisions of section 779, although they are directed by an order to be paid. This allowance of thirty dollars is granted by virtue of the statute, and are the final costs in the proceeding and are payable out of any money which has come, or may come, into the hands of the receiver (*sec.* 2455 *of Code*), or it may be directed to be paid by the judgment debtor, if so set forth in the order. This would seem to establish a method of collection, and in the nature of things would impliedly preclude its collection in any other way. Specific provision for the collection of final costs which may, perhaps, be deemed tantamount to judgment costs in various special proceedings, are provided for. Section 2250 establishes the costs to be allowed in summary proceedings, and expressly allows their collection by execution.

Section 2556 allows costs in surrogate's court to be collected by execution. In supplementary proceedings the final costs cannot be deemed motion costs, and are not, therefore, collectible by execution. The execution, therefore, will be modified in that respect. The examination was regularly adjourned to February sixteenth, and it appeared from the uncontradicted affidavit of plaintiffs' attorney that the application was made on that day, although the order was not entered until the twentieth instant. The appointment of the receiver was therefore regular.

Motion granted, unless modified as above.